IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br><br>v.<br><br>WILLIAM LEWIS WEAVER, II,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)   Criminal No. 1:17-CR-235<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A).

On December 11, 2017, Defendant pleaded guilty to two counts of threatening federal officials and employees with the intent to impede, intimidate, interfere with, or retaliate against such persons, in violation of 18 U.S.C. § 115(a)(1)(B). On March 16, 2018, this Court sentenced Defendant to fifty-seven months of imprisonment followed by three years of supervised release. After initially being incarcerated at Federal Correctional Institute (FCI) Cumberland, Defendant was transferred to FCI Devens where he currently resides.

On June 4, 2020, Defendant emailed a compassionate release request to the Warden, claiming his asthma placed him at risk of severe illness if he were to contract COVID-19. On June 10, 2020, the Bureau of Prisons (BOP) sent a letter to Defendant indicating

his compassionate release request had been denied. On July 9, 2020, Defendant filed the instant motion for compassionate release. He argues that he is both particularly susceptible to severe illness from COVID-19 because of his asthma and mental health conditions, and particularly at risk of contracting COVID-19 in his prison. The Government filed an opposition on July 29, 2020, to which Defendant replied on August 3, 2020.

Having reviewed the arguments and the applicable law, the Court finds that Defendant has not provided an extraordinary and compelling reason for release as required by 18 U.S.C. § 3582(c)(1)(A)(i).

The relevant provision for the compassionate relief claim states:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of  the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction[.]

18 U.S.C. § 3582(c).

The plain language of the statute provides that the Court "may not modify" a sentence "except" when a defendant files a motion "after" either all appeals under the Bureau of Prisons (BOP) are "fully exhausted" or "30 days" have lapsed since the warden received the defendant's request. 18 U.S.C. § 3582(c). Such statutory language imposes a mandatory exhaustion requirement when no provision for an exception has been made. See, e.g., Ross v. Blake, 136 S.Ct. 1850 (2016); see also United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) (declining to remand to the district court because the lack of exhaustion "present[ed] a glaring roadblock foreclosing compassionate release at this point."). At the time Defendant filed his motion, 30 days had passed since his original request was received by the Warden. Therefore, Defendant has satisfied the procedural requirements under 18 U.S.C. § 3582(c)(1)(A).

Nevertheless, Defendant has not provided "extraordinary and compelling reasons" for a term reduction as required by 18 U.S.C. § 3582(c)(1)(A)(i). Courts have consulted the Sentencing Commission's policy statements to determine what constitutes extraordinary and compelling reasons for compassionate release. See United States v. Feiling, No. 3:19cr112, 2020 WL 1821457, at *7 (E.D. Va. Apr. 10, 2020). According to the Sentencing Commission, extraordinary and compelling reasons for release include the defendant's medical condition. U.S.S.G. § 1B1.13, cmt.

n.1. The defendant must be "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). When deciding whether COVID-19 presents an extraordinary and compelling reason for release, courts have found that defendants must show both a "particularized susceptibility" to COVID-19 and a "particularized risk" of contracting COVID-19. United States v. White, No. 2:07CR150, 2020 WL 1906845, at *1 n.2 (E.D. Va. Apr. 17, 2020) (quoting Feiling, 2020 WL 1821457 at *7). As the party seeking relief and with no statutory guidance otherwise, a defendant bears the burden of proof in motions for compassionate release. See Schaffer ex rel. Schaffer v. Weast, 546 U.S. 49, 56-57 (2005).

The Court finds that Defendant has not shown he is particularly susceptible to COVID-19 in light of his health conditions. While his records confirm that he has been diagnosed with asthma and particular mental health issues, there is no medical consensus on whether these conditions are linked to more severe COVID-19 outcomes.

Relying on recent medical data, the Centers for Disease Control and Prevention (CDC) distinguishes between underlying conditions that are proven to increase a patient's risk of a more severe COVID-19 outcome and those conditions that "might" increase

4

a patient's risk. See CDC, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated July 30, 2020). The CDC lists moderate-to-severe asthma in the latter category. Id. This casts doubt on whether it could support a finding of particularized susceptibility. Moreover, Defendant has not even put forward evidence that his asthma should be classified as moderate-to-severe. To the contrary, his medical records describe his asthma as "intermittent" and mention he uses an inhaler "as needed only."

With respect to Defendant's mental health issues, the CDC only states that neurological conditions, such as dementia, "might" increase a patient's risk of a severe COVID-19 outcome. Id. Based on the evidence provided, Defendant's mental health issues do not appear to be neurological in nature. Defendant still argues that recent research indicates that non-neurological mental illnesses can weaken the immune system, which could render a patient more vulnerable to all viruses including COVID-19. However, none of the cited studies focused on a direct relationship between mental illness and COVID-19, about which much is still unknown. See United States v. Busby, No. 2:15-cr-353, 2020 WL 3883652, at *3 (D. Nev. July 8, 2020) ("Given how speculative the relationship is between mental illness and the body's ability to

fight COVID-19, the Court does not find . . . an extraordinary or compelling reason for Defendant's release.").

Defendant also argues that COVID-19 social distancing procedures will exacerbate his existing mental health issues to the point of justifying compassionate release. Without further guidance from health authorities like the CDC, this Court will not speculate as to such a possibility or its implications for compassionate release.

There is some evidence that Defendant faces a particularized risk of contracting COVID-19 in FCI Devens. However, without a finding of particularized susceptibility, Defendant cannot rely on COVID-19 as an extraordinary and compelling reason for release.

Even if Defendant had provided an extraordinary and compelling reason for a term reduction based on COVID-19, his early release would be denied on the grounds that it might pose a danger to the community. As a precondition for compassionate release, the Sentencing Commission's policy statement requires that the Defendant not be "a danger to the safety of any other person or to the community[.]" U.S.S.G. 1B1.13(2). The 18 U.S.C. § 3553(a) sentencing factors, which courts must consider before granting compassionate release, also require any sentence "to protect the public from further crimes of the defendant[.]" Defendant was convicted of making death threats toward federal officials and employees. These offenses constitute crimes of violence under 18

U.S.C. § 3156(a)(4)(A). Defendant also has an extensive history of making violent threats against other individuals, including most recently in 2019, when he threatened the warden of his own facility. Such a pattern of conduct strongly suggests that Defendant may re-offend if released early.

Under these circumstances, Defendant has not provided extraordinary or compelling reasons for compassionate release as required by § 3582(c)(1)(A)(i). For the foregoing reasons, this Court concludes that Defendant's Emergency Motion for compassionate release should be denied. An appropriate order shall issue.

CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
August 18, 2020